Abbott v. Abbott.

---

HANDSEL A. ABBOTT v. GEORGE B. ABBOTT *et al.*

No. 13,794.  (78 Pac. 827.)

SYLLABUS BY THE COURT.

FRAUDULENT CONVEYANCE—*Foreign and Domestic Judgments—Pleading.*  Plaintiff recovered a judgment in Kansas, and subsequently recovered a judgment thereon in Illinois.  In an action in Kansas by plaintiff, based on the Kansas judgment, to set aside alleged fraudulent conveyances by the judgment debtor, the answer of the defendants claiming under the conveyances by the judgment debtor alleged the recovery of the Illinois judgment upon the Kansas judgment, averred the Kansas judgment to be merged thereby, and that it could constitute no basis for

plaintiff's action.  Plaintiff replied, admitting the recovery of the Illinois judgment upon the Kansas judgment, and averred the Illinois judgment to have been duly vacated.˙ *Held,* that it was error to sustain a demurrer to plaintiff's reply.

Error from McPherson district court; MATTHEW P. SIMPSON, judge.  Opinion filed December 1, 1904.  Reversed.

*Frank O. Johnson, George A. Vandeveer,* and *F. L. Martin,* for plaintiff in error.

*Prigg & Williams,* for defendants in error.

The opinion of the court was delivered by

ATKINSON, J. :  Handsel A. Abbott recovered a judgment in the district court of McPherson county for $10,500 against George B. Abbott.  Execution was issued thereon and returned *nulla bona.*  Thereafter plaintiff commenced this action in the district court of McPherson county against George B. Abbott and other defendants, among whom were the wife and daughters of the judgment debtor, to set aside deeds to lands in that county alleged to have been fraudulently made to said defendants by the judgment debtor, and to subject the lands thus conveyed to the satisfaction of plaintiff's judgment.

Among other defenses of the defendants claiming under the deeds executed by the judgment debtor, and as their third defense to plaintiff's petition, it was averred that in an action by plaintiff, Handsel A. Abbott, against the judgment debtor, George B. Abbott, upon the McPherson county judgment, a judgment was recovered against the latter in the circuit court of St. Clair county, Illinois, and that by reason thereof the McPherson county judgment had become merged in the Illinois judgment and could not serve as the basis of this action.

Abbott v. Abbott.

Plaintiff, replying to the third defense of defendants' second amended answer, admitted the recovery of the judgment in Illinois on the McPherson county judgment, and averred that the property owned by the judgment debtor, George B. Abbott, in the state of Kansas, was insufficient to satisfy the judgment; that defendant George B. Abbott owned property in the state of Illinois which he had also fraudulently conveyed to said defendants; that the property in Illinois was insufficient to satisfy the judgment; that it was necessary for plaintiff to proceed in the courts of the two states at the same time to protect his rights; and that the defendant George B. Abbott was a non-resident of the state of Kansas.   To this reply defendants, grantees of the judgment debtor, demurred, which demurrer was by the court sustained.

Thereafter plaintiff filed a further and supplemental reply to the third defense of the second amended answer of defendants, alleging that the circuit court of St. Clair county, Illinois, upon the application of defendant George B. Abbott, and upon due consideration of the court, on a date subsequent to the filing of the former reply, had duly and regularly set aside, vacated and held for naught the judgment referred to and pleaded in defendants' third defense; that plaintiff had now no judgment in the Illinois court against the defendant George B. Abbott, as averred by defendants.   To this supplemental reply defendants demurred, which demurrer was by the court sustained. Error is assigned on the ruling of the court in sustaining the demurrer of defendants to that portion of plaintiff's reply directed to defendants' third defense, and the demurrer of defendants to plaintiff's supplemental reply.

Abbott v. Abbott.

The greater part of the briefs of counsel is devoted to a discussion of the question of the effect of the Illinois judgment upon the Kansas judgment—whether or not the judgment in the foreign jurisdiction operated as a merger of the Kansas judgment; and whether, if the effect was a merger, the Kansas judgment could constitute the basis of this action. Much of the oral argument of counsel was devoted to the same question. We must treat the same on the state of the pleadings when the demurrer was sustained to the supplemental reply. When plaintiff filed the supplemental reply it showed a state of fact where no judgment existed against the judgment debtor in the state of Illinois. There being no judgment in that state the question of merger was not in the case. In the state of the pleadings none of the questions raised by counsel is before us for consideration or determination.

Upon an examination of the record the challenge of defendants in error to its sufficiency to entitle it to a review by this court is found to be not well taken.

The judgment is reversed, with the direction that the district court overrule the demurrer to the supplemental reply and proceed with the cause in accordance with the views herein expressed.

All the Justices concurring.